Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 211 | DATE | 07/16/2003 |
| CASE TITLE | Euorpaper v. IMMS & Matsukis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Matsukis's Amended Motion to Dismiss (doc. # 25)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] . Enter Memorandum Opinion and Order. For the attached reasons, Defendant's Motion to Dismiss is DENIED. Defendant Matsukis to answer by August 15, 2003. Status hearing set for August 18, 2003 at 9:30 a.m.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 28 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| JHC | courtroom deputy's initials | 03 JUL 16 PM 1:09 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| EUROPAPER B.V., ) | |
| ) | |
| Plaintiff, ) | No. 01 C 211 |
| ) | |
| v. ) | The Honorable William J. Hibbler |
| ) | |
| INTEGRATED MATERIAL MANAGMENT ) | |
| SERV., INC. AND PETER MATSUKIS, ) | |
| ) | |
| Defendants. ) | |

<u>Memorandum Opinion and Order</u>

Plaintiff Europaper sued Integrated Material Management Services, Inc. (IMMS) and Peter Matsukis for breach of contract and fraud. Defendant Matsukis moves to dismiss the complaint arguing that Europaper lacks the capacity to sue and that Europaper is barred from suing by the Illinois Business Corporation Act. For the following reasons the court DENIES Defendant's motion to dismiss.

In October 2000, Europaper, a Dutch corporation, contracted to sell Illinois-based IMMS waste paper, presumably for IMMS to recycle. According to the contract, IMMS would pay Europaper $106.50 per metric ton after Europaper transmitted a packing list notifying it that the waste paper had been loaded. Over the course of the next few months, Europaper claims that it sent IMMS 4,655.95 metric tons of waste paper in eight delivery installments and that IMMS accepted delivery of each shipment. After IMMS failed to make the necessary payments (but for two $30,000 payments), Europaper sued IMMS and its sole stockholder, officer and director Matsukis.

1

Matsukis moves dismiss on two grounds. First, Matsukis alleges that Europaper lacks the capacity to sue. Europaper is a corporation with two shareholders, Abraham Reek and Elbert Papavoine, who together own 100% of the company. Europaper's by-laws require agreement from both shareholders to initiate any legal action on Europaper's behalf. According to Matsukis, the suit only has the approval of Reek and in fact is ostensibly brought by Reek, who lacks the capacity to bring the suit. Second, Matsukis claims that Europaper barred from suing because it violated the Illinois Business Corporation Act by conducting business within Illinois without a Certificate of Authority.

Before addressing the merits of the Defendant's motion, the Court pauses to make clear the procedural posture of the case and the applicable standard of review. Matsukis raises his arguments regarding the capacity to sue and the Illinois Business Corporation Act on a motion to dismiss. In ruling on a motion to dismiss, the plaintiff's well-pleaded factual allegations must be taken as true and all reasonable inferences must be drawn in his favor. *Lachmund v ADM Investor Serv., Inc.*, 191 F.3d 777, 782 (7th Cir. 1999). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id. (quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, a court should not look past the allegations contained within a complaint on a motion to dismiss and it is inappropriate to consider documents attached to a defendant's motion unless they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998); *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

Matsukis first argues that the lawsuit "was initiated by a party without the capacity to do so." Matsukis claims that Reek filed the suit on Europaper's behalf without the consent of Europaper's other shareholder, Papavoine. In support of his claim, Matsukis attaches correspondence sent via facsimile, purportedly from Papavoine, stating that Reek did not have his approval to file the suit, as was required by Europaper's by-laws. It is true that capacity to sue must be raised in a responsive pleading or motion or it is waived. *Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996); *Wagner Furniture Interiors, Inc. v. Kemner's Georgetown Manor, Inc.*, 929 F.2d 343, 345 (1991). It is also true that a shareholder has no right to seek individual damages for injuries suffered by the corporation, *Carney v. General Motors Corp.*, 23 F.3d 1154, 1157 (7th Cir.1994), or that a partner can not sue individually to recover damages for an injury to the partnership, *Creek v. Village of Westhaven*, 80 F.3d 186, 191 (7th Cir. 1996).

But Matsukis's argument is not properly characterized as one challenging the Plaintiff's capacity to sue — Europaper, a corporation, clearly has the capacity to sue. Instead, the essence of Matsukis's argument is that the suit is not authorized by Europaper, that it does not <u>want</u> to sue, as evidenced by the purported facsimile sent to him by Papavoine. Matsukis's argument must fail. Nothing on the face of the complaint suggests that it is brought by Reek (as Matsukis contends) and not by Europaper. The complaint is signed by Joel F. Handler, Attorney for Europaper, thus representing that Europaper has authorized him to file this action and all subsequent pleadings on its behalf. Although Matsukis submits a letter purportedly from one of Europaper's shareholders suggesting that the suit does not have the full support of Europaper's shareholder's, as noted above, it is inappropriate for the Court to

3

consider evidence (particularly unauthenticated evidence) outside of the pleadings in ruling on a motion to dismiss. There is a deeper problem undermining Matsukis's argument. Matsukis's argument is premised on his assertion of the rights of a third party, contrary to the general rule that a litigant must assert his own legal rights and interests. *Powers v. Ohio*, 499 U.S. 400, 410 (1991). The facsimile letter purportedly sent by Papavoine is telling. It reads: "Please find below a legal affidavid [sic] which you must present to the court as soon as possible *on my behalf.*" The letter also instructs the Defendant's counsel to contact Matsukis "whom [sic] will also pay your charges on my behalf." But Europaper and Papavoine are capable of protecting their own interests and do not need Matsukis to champion them, especially since Matsukis is in an adversarial position. If Handler is acting contrary to Europaper's instructions and it does not consent to the suit, all it need do is retain new counsel and present its intent to the Court. Likewise, if Europaper is taking action that injures a shareholder (Papavoine) and is contrary to its by-laws, the injured shareholder can file a derivative suit on behalf of the corporation to enjoin it from taking such action or to recover damages. Matsukis goes so far as to suggest in his motion that Reek has been *dismissed* from his position as director of Europaper, making it more clear that Europaper does not consent to continuation of the suit. Far from making it clear that Europaper does not consent to the suit, it instead confirms that his argument is without merit. If, as Matsukis alleges, Reek was a renegade director who brought this suit on behalf of the company for his own purposes and now no longer controls the company, why should Papavoine need to enlist the aid of counsel for Europaper's *opponent* now that Reek is out of the picture? If Papavoine truly wants the suit to be dismissed and Reek truly no longer controls the company, why

4

hasn't the current director of Europaper informed its counsel to file a motion for voluntary dismissal? If Mr. Handler has refused to heed Europaper's instructions to voluntarily dismiss the suit, why hasn't Europaper retained new counsel to represent it? Matsukis invites this Court to accept the proposition that he can best represent the interests of his opponent. The Court declines this invitation. Should it later be revealed that Mr. Handler (Europaper's attorney) shirked his responsibility to make a reasonable inquiry into the dispute (of which he had knowledge) regarding Europaper's willingness to pursue its claim (or worse, ignored communication from his client directing him to dismiss the lawsuit), the Court will entertain a motion for Rule 11 sanctions against him.

Matsukis offers a second reason why Europaper's suit should be dismissed: Europaper's failure to comply with the Illinois Business Corporation Act. The Act states that "[n]o foreign corporation transacting business in this state without a certificate of authority is permitted to maintain a civil action in any court of this state, until such corporation obtains a certificate of authority." 805 ILCS § 5/13.70. However, Illinois courts have held that a corporation engaged in only occasional and isolated transactions in Illinois is not required to obtain a certificate of authority. *Subway Rest. Inc. v. Riggs*, 696 N.E. 2d 733, 737 (Ill. App. Ct. 1998); *Wenige-Epperson, Inc., v. Jet Lite Prods., Inc.*, 328 N.E.2d 665, 667 (Ill. App. Ct. 1975); *see also American Roofing Corp. v. Griffin Sales Co.*, No. 88 C 2252, 1988 WL 76943, *2 (N.D. Ill. July 15, 1988). There is no evidence that Europaper conducted any business in Illinois, other than shipping the eight installments of waste paper at issue in this case, which is insufficient to constitute "transacting business" in Illinois within the meaning of the IBCA. *Cf. Subway Rest. Inc.*, 696 N.E.2d at 737 (ten transactions did constitute "doing business").

5

Matsukis bears the burden of proving that Europaper was transacting business in Illinois, and absent proof to the contrary it cannot be assumed that Europaper operated in violation of the statute. *Masss Transfer Inc. v. Vincent Constr. Co.*, 585 N.E.2d 1286 (1992). Furthermore, Illinois courts have also held that the Commerce Clause of the United States Constitution prohibits Illinois from requiring that foreign corporations that "simply conduct[ ] interstate commerce," (though they have not addressed foreign commerce) obtain a certificate of authority. *Subway Rest., Inc.*, 696 N.E.2d at 737 (citing *Textile Fabrics Corp. v. Roundtree*, 233 N.E.2d 376 (1968)).

For the foregoing reasons, Matsukis's motion to dismiss is DENIED.

IT IS SO ORDERED.

7/16/03
Dated

The Honorable William J. Hibbler
United States District Court